IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

CHRISTOPHER A. HALL,       *

    Petitioner,                *

                                 *      Civil Action No. AW-09-713
            v.                *      Crim. Action No. AW-04-559

UNITED STATES OF AMERICA.    *

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**MEMORANDUM OPINION**

Before the Court is a Motion to Vacate filed by the Petitioner, Christopher A. Hall, for relief pursuant to 28 U.S.C. § 2255.[1] Petitioner's convictions arise from an elaborate drug trafficking scheme culminating in the April 11, 2001, seizure of thirty-three kilograms of cocaine from a car in Frederick, Maryland. As the case involved multiple defendants, indictments, and prosecutions in the District of Columbia and Maryland, the Court will not delve into the complex procedural history here, but limits itself to the following pertinent events.[2]

On January 25, 2006, Petitioner and several coconspirators were charged in the District of Maryland in a Fourth Superseding Indictment with conspiracy to distribute cocaine and crack, in violation of 21 U.S.C. § 846; using a communications facility in the commission of a felony, in violation of 21 U.S.C. § 843(b); and possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1). A trial commenced at the District Court for the District of Maryland (Southern Division), which resulted in a mistrial on May 9, 2006, because the jury was unable to reach a verdict. On June 21, 2006, Petitioner was again charged in the District of Maryland in

---

[1] Also pending are Petitioner's Motion to Modify Conditions of Release (Doc. No. 451) and Motion to Correct Record (Doc. No. 517). The Court denies Petitioner's Motion to Modify Conditions of Release and grants Petitioner's Motion to Correct Record (Doc. No. 517).
[2] A detailed procedural history of this case can be found at *United States v. Hall*, 551 F.3d 257, 263-66 (4th Cir. 2009).

1

the Fifth Superseding Indictment, which re-alleged the charges contained in the Fourth Superseding Indictment. On January 30, 2007, following a six-day jury trial at the same venue, in which Petitioner proceeded *pro se*, Petitioner was convicted of the following counts from the Fifth Superseding Indictment: conspiracy to distribute and possess with intent to distribute cocaine, in violation of 21 U.S.C. § 846 (Count I); use of a communications facility in furtherance of a narcotics offense, in violation of 21 U.S.C. § 843(b) (Count IV); and possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1) (Count V).

The Court sentenced Petitioner to 300 months of incarceration followed by five years of supervised release as to counts I and V, and forty-eight months of imprisonment followed by one year of supervised release with respect to count IV, all counts to run concurrently. Judgment was entered on April 13, 2007. Petitioner appealed to the United States Court of Appeals for the Fourth Circuit, which affirmed the convictions and sentences on January 8, 2009. *United States v. Hall*, 551 F.3d 257 (4th Cir. 2009). On March 23, 2009, Petitioner filed the present § 2255 motion.

Petitioner contends that his sentence should be vacated, set aside, or corrected on the following grounds: (1) that the Fifth Superseding Indictment is time-barred by the five year statute of limitations set forth in 18 U.S.C. § 3282(a); and (2) that appellate counsel was ineffective for failing to raise certain issues on appeal. Specifically, Petitioner asserts that appellate counsel should have challenged (a) the district court's refusal to withdraw waiver of trial counsel; (b) the district court's determination of the base offense level; and (c) the district court's enhancement of Petitioner's sentence. The Government has responded to the Motion and Petitioner has filed his reply. The matter is now ripe for resolution.

### I. Statute of Limitations

Petitioner argues that the Fifth Superseding Indictment, charging Petitioner with offenses that occurred in April 2001, was time-barred because it was not returned until June 21, 2006. The general federal statute of limitations provides that "no person will be prosecuted, tried, or punished for any offense, not capital, unless the indictment is found or the information is instituted within five years next after such offense shall have been committed." 18 U.S.C. § 3282(a). It is well-established that "a valid indictment tolls the statute of limitations and that return of a superseding indictment *prior* to the dismissal of the original indictment does not violate the statute of limitations if the superseding indictment does not substantially alter the charge." *United States v. Friedman*, 649 F.2d 199, 203 (3d Cir. 1981); *see United States v. Grady*, 544 F.2d 598, 600-01 (2d Cir. 1976) ("Once an indictment is brought, the statute of limitations is tolled as to the charges contained in that indictment . . . . [A] superseding indictment brought at any time while the first indictment is still validly pending, [and] does not broaden the charges made in the first indictment, cannot be barred by the statute of limitations.") Moreover, "[t]rivial or innocuous" changes in a superseding indictment "relate[] back to the date of the original indictment." *United States v. Snowden*, 770 F.2d 393, 398 (4th Cir. 1985). Furthermore, the Fourth Circuit has held that the statute of limitations in 18 U.S.C. § 3282 is "not jurisdictional [but] is an affirmative defense that may be waived." *United States v. Williams*, 684 F.2d 296, 299 (4th Cir. 1982); *see Biddinger v. Comm'r of Police*, 245 U.S. 128, 135 (1917) ("The statute of limitations is a defense and must be asserted on the trial by the defendant in criminal cases.")

Pursuant to 18 U.S.C. § 3282(a), valid indictments must be brought within five years of April 11, 2001, the date that the offense occurred. *See* 18 U.S.C. § 3282(a). The issue at bar,

3

therefore, is whether the return of the Fourth Superseding Indictment on January 25, 2006, or the return of the Fifth Superseding Indictment on June 21, 2006, governs for the purpose of the statute of limitations. Since a valid indictment tolls the statute of limitations, the Fourth Superseding Indictment, which fell within the five year statutory requirement, tolled the statute of limitations. *See Friedman*, 649 F.2d at 203. Because the Fifth Superseding Indictment differed from the Fourth only minimally[3] and the Fourth Superseding Indictment was never dismissed, the Fifth Superseding Indictment did not violate the statute of limitations. *See id*; *Snowden*, 770 F.2d at 398. Furthermore, as the statute of limitations is an affirmative defense, Petitioner's failure to assert it at trial constitutes waiver. *See Williams*, 684 F.2d at 299. Accordingly, Petitioner's statute of limitations claim fails.

## II. Ineffective Assistance of Appellate Counsel

A review of relevant facts is necessary before the Court addresses Petitioner's ineffective assistance of appellate counsel claims. At Petitioner's second Maryland trial, Petitioner chose to proceed *pro se* despite the district court's repeated cautions against self-representation. On the morning of January 23, 2007, the date trial was scheduled to commence, Petitioner stated that he was not ready because he had not investigated new evidence and had been taking care of his sick mother. The district court found Petitioner's arguments meritless, as Petitioner knew about the trial date in advance, had attended conferences, had been submitting pretrial motions, and had been sent materials by the Government. The district court accordingly denied both a continuance and Petitioner's request that his standby counsel step in as counsel. Petitioner was subsequently convicted.

---

[3] The Fifth Superseding Indictment differed from the Fourth only to omit certain co-defendants not being tried and merely changed a few words. The Fifth Superseding Indictment did not broaden the charges brought against Petitioner.

At Petitioner's sentencing, the district court found that Petitioner had a base offense level of thirty-eight because he had been involved in the transportation of at least 184 kilograms of cocaine.[4] The district court also found that Petitioner was a manager and a supervisor and increased Petitioner's offense level by three levels. As a result of this enhancement, Petitioner was adjusted at a total combined offense level of forty-one. The district court, however, varied downward from the Sentencing Guidelines and imposed a sentence of 300 months incarceration.

Petitioner was appointed new appellate counsel for his appeal to the Fourth Circuit. On direct appeal, Petitioner's appellate counsel made the decision to pursue four issues: (1) violation of the Double Jeopardy Clause of the Fifth Amendment; (2) violation of the Sixth Amendment's provision for speedy trials; (3) violation of the Cruel and Unusual Punishment Clause of the Eighth Amendment; and (4) violation of the Due Process Clause of the Fourteenth Amendment. Appellate counsel's refusal to raise the following issues on appeal is now the basis of Petitioner's present § 2255 motion to vacate: (1) refusal to withdraw counsel waiver; (2) calculation of base offense level; and (3) sentencing enhancement.

With respect to the claims by Petitioner that his appellate counsel was ineffective, the Court reviews his allegations under the well-established standard set forth in *Strickland v. Washington*, 466 U.S. 668, 687 (1984), under which a claimant must establish the two-prong standard of deficient performance and prejudice. Petitioner must demonstrate that his appellate counsel's representation: (1) "fell below an objective standard of reasonableness" as measured by prevailing professional norms; and (2) "prejudiced the defense." *Id.* at 687-88. Courts should be highly deferential in determining whether counsel's representation was objectively reasonable and thus, Petitioner bears the burden of overcoming "a strong presumption that counsel's

---

[4] The Presentence Report provides that Petitioner's "criminal activity involved at the very least 184 kilograms of cocaine (30 to 40 kilograms delivered to Handy and Hall by Harris in November of 2000; a 31 kilogram shipment in or around late February/early March of 2001; four "Skin Tight" deliveries totaling approximately 90 kilograms)."

5

conduct falls within the wide range of reasonable professional assistance" and "might be considered sound trial strategy." *Id*. at 689. To establish prejudice, Petitioner must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* at 694. A reasonable probability, in turn, is defined as "a probability sufficient to undermine confidence in the outcome." *Id.* With these legal principles in mind, the Court now turns to Petitioner's arguments.

Petitioner first asserts that his appellate counsel was ineffective for failing to challenge the District Court's refusal to withdraw Petitioner's waiver of trial counsel. In determining whether appellate counsel is ineffective, reviewing courts must presume that appellate counsel knows "which issues were most likely to afford relief on appeal." *Pruett v. Thompson*, 996 F.2d 1560, 1568 (4th Cir. 1993). Appellate counsel has no obligation "to assert all nonfrivolous issues on appeal" and is permitted to select "the most promising issues for review." *Jones v. Barnes*, 463 U.S. 745, 752 (1983). To overcome the presumption of effective assistance of counsel, Petitioner would have to show that "ignored issues are clearly stronger than those presented." *Smith v. Robbins*, 528 U.S. 259, 765 (2000).

Petitioner fails to overcome his burden of showing that appellate counsel was objectively unreasonable in his decision not to pursue this argument. Petitioner's appellate counsel explained that he believed "it would be a strategic mistake" to raise the issue of waiver of counsel because it had "[no] chance of success" and "would dilute the stronger issues raised in our brief." (Doc. No. 513, Ex. C.) Petitioner provides no evidence in support of his bald assertion; thus, he fails to establish that appellate counsel's decision not to pursue the waiver of counsel claim "fell below an objective standard of reasonableness" in light of prevailing professional norms. *Strickland*, 466 U.S. at 688.

Furthermore, as Petitioner does not show that the waiver of trial counsel issue would have been successful on appeal, Petitioner fails to establish prejudice. *Id.* at 694. Petitioner merely states, with no support, that counsel's performance was "deficient" and prejudicial, his right to be represented by counsel was "sacred," and his right to a fair trial was "unreasonably impaired." (Doc. No. 513 at 14.) Moreover, Petitioner's claim that "the denial for a continuance deprived [him] of a fair trial" is meritless. (Doc. No. 513 at 13.) It is well-established that a trial judge's decision to deny a motion for a continuance will not be disturbed absent "a clear showing of abuse of discretion." *United States v. Williams*, 10 F.3d 1070, 1079 (4th Cir. 1993). Petitioner fails to show that the district court abused its discretion in denying his request for a continuance on the morning of the trial. *See United States v. McQueen*, 445 F.3d 757, 761 (4th Cir. 2006) ("It is not a denial of the right to counsel to refuse to indulge in the defendant's transparent attempts at manipulation by requesting an attorney on the day of trial"). Since Petitioner fails to show either objective unreasonableness or prejudice, Petitioner's arguments regarding appellate counsel's failure to challenge the counsel waiver issue must fail.

Second, Petitioner asserts that appellate counsel was ineffective for failing to challenge the sentencing court's finding that Petitioner's base offense level was thirty-eight based on 184 kilograms of cocaine. Although Petitioner did not object to the sentencing court's factual findings at sentencing, he now argues that since he had only been found guilty of violating 21 U.S.C. § 846 for conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine, his base offense level should have been level thirty-two. (Doc. No. 513 at 16.) A party's failure to object at sentencing constitutes a waiver unless there is clear error. *United States v. Ford*, 88 F.3d 1350, 1355 (4th Cir. 1996); *see United States v. Cullens*, 67 F.3d 123, 124 (6th Cir. 1995) (stating that "if appellate review is to be meaningful, it is absolutely essential

that a defendant raises all objections to the sentence before the sentencing judge in the first instance"). Since Petitioner failed to object at sentencing, his argument about factual findings has been waived.

Even if Petitioner's argument regarding drug quantity were not waived, Petitioner fails to establish that appellate counsel's refusal to pursue this argument on appeal was objectively unreasonable or resulted in prejudice. A sentencing court has the authority to make independent factual findings for the purpose of sentencing and may consider "the full range of information presented in the [Petitioner's] presentence report." *United States v. Love*, 134 F.3d 595, 605-06 (4th Cir. 1998). Furthermore, the sentencing court can hold a drug conspirator liable "for all of the drugs that were reasonably foreseeable to him within the scope of the unlawful agreement." *United States v. Beard*, 232 F. App'x 368, 370 (4th Cir. 2007) (citing *United States v. Lipford*, 203 F.3d 259, 270 (4th Cir. 2000)). At Petitioner's sentencing, the district court emphasized that "[t]his is a very, very serious offense. It involved a lot of drugs, a lot of drugs." (Sent'g Tr. 10.) The district court further explained that "the point of the matter is you had quite a lot of drugs . . . and it's a large amount and that's why you have a base offense level." (Sent'g Tr. 11.) While the district court did not explain each of the individual drug quantity findings, uncontroverted information in the Presentence Report indicates that 184 kilograms of cocaine was attributable to Petitioner, which warranted a base offense level calculation of thirty-eight. Thus, even assuming Petitioner's argument regarding drug quantity had not been waived by his failure to object, Petitioner still fails to establish prejudice. Accordingly, Petitioner's ineffective assistance of counsel claim on this issue fails.

Finally, Petitioner posits that appellate counsel was ineffective for failing to challenge the sentencing enhancement under §3B1.1(b) based on Petitioner's aggravating role as a manager or

supervisor. *See* U.S. Sentencing Guidelines Manual ("USSG") § 3B1.1(b) (Nov. 2009). Under § 3B1.1(b), a three-level adjustment for a defendant's role in the offense is appropriate when "the defendant was a manager or supervisor (but not an organizer or leader) and the criminal activity involved five or more participants or was otherwise extensive." *Id*. Determination of a defendant's role must be made on the basis of "all relevant conduct." *Love*, 134 F.3d at 607.

At his sentencing, Petitioner disputed the enhancement, arguing that following a mistrial in the District of Columbia case, jurors told his attorney that they did not think he was a supervisor. (Doc. No. 529 at 17; Sent'g Tr. 4.) The district court denied Petitioner's objection, noting that the conversation between Petitioner's counsel and the jury following a mistrial is "a side issue that's not particularly relevant here." (Sent'g Tr. 4.) The district court further explained that Petitioner was a manager or supervisor because "it was pretty much you and a couple of others and Mr. Handy." (*Id*.) Petitioner now argues that trial evidence did not show that he supervised or managed anyone and that if literally construed, the district court's calculation totaled only four participants. (Doc. No. 513 at 17.) The Government maintains that trial testimony clearly established that Petitioner managed or supervised at least five people including: "Timothy Hudspeth, driver Goodman, driver Michael Zorn, driver Elbert Robinson, Gary Bellinger and Richard Briscoe." (Doc. No. 529 at 18.) Furthermore, the Presentence Report recommended a three-level offense level increase because of Petitioner's extensive role in the conspiracy.[5]

---

[5] The Presentence Report specifically refers to the following relevant conduct: Petitioner "arranged for the cocaine to be sold once it arrived in the D.C. area, and collected the money for the cocaine either at his home, or that of Gary Bellinger, whom he recruited. The defendant also managed the packing of the money to be delivered to the couriers so that it could be transported back to Taylor. Additionally, the defendant was the point of delivery for the "Skin Tight" shipments and would distribute the cocaine to Richard Briscoe and others. Similarly, he would count the money with Bellinger and others, and pack it into food saver bags to be delivered to Goodman for the transport back to California."

9

Petitioner provides no evidence to support his claim that appellate counsel's failure to pursue this argument was objectively unreasonable, nor does he establish prejudice. Appellate courts are highly deferential to a sentencing court's decision to apply a sentencing adjustment. *See United States v. Sheffer*, 896 F.2d 842, 846 (4th Cir. 1990). Here, the trial evidence clearly shows that Petitioner's role in the conspiracy was extensive and involved supervising/managing at least five participants and the district court departed downward from the Guideline-recommended sentence. As Petitioner puts forth no evidence to suggest that he would have received a different, more favorable sentence, he fails to establish ineffective assistance of counsel. The Court thus denies Petitioner's claim for relief on this ground.

At any rate, the Court has reviewed the current pleadings and the entire files relative to the present motion as well as the underlying criminal case. The Court concludes that Petitioner has failed to demonstrate a legal and cognizable basis for relief. Accordingly, the Petitioner's motion pursuant to § 2255 is DENIED.

## A Certificate of Appealability

There is no absolute entitlement to appeal a district court's denial of the Motion. *See* 28 U.S.C. § 2253(c)(1). "A [Certificate of Appealability, or COA]" may issue only if the applicant has made a substantial showing of the denial of a constitutional right. *Id.* at § 2253(c)(2). To meet this burden an applicant must show that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citing *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)). Here, the Court has concluded that the Fifth Superseding Indictment was brought within the statute of limitations and Petitioner received effective assistance of appellate counsel. It is the

Court's view that Petitioner has raised no arguments which cause this Court to view the issues as debatable, or finds that the issues could have been resolved differently, or to conclude that the issues raise questions which warrant further review. Accordingly, the Court denies a Certificate of Appealability.

A separate Order will be issued.

|      July 29, 2010      |           /s/          |
|---|---|
| Date | Alexander Williams, Jr.<br>United States District Judge |