IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **CHRISTOPHER A. HALL,** | * | |
| Petitioner, | * | |
| v. | * | Civil No. **PJM 17-1194** |
| | * | *Related to Crim. No. PJM 04-559* |
| **UNITED STATES OF AMERICA,** | * | |
| Respondent. | * | |

## MEMORANDUM OPINION

Christopher Hall, *pro se*, pursuant to Federal Rule of Civil Procedure 60(b), 28 U.S.C. § 2241, and 28 U.S.C. § 2255, has filed a Motion to Reopen and Vacate his conviction. ECF No. 740. The Court has considered the Motion and the Government's Opposition. For the reasons set forth below, the Motion is **DISMISSED.**

### I. FACTUAL AND PROCEDURAL BACKGROUND

On January 25, 2006, Hall and several coconspirators were charged in a Fourth Superseding Indictment with conspiracy to distribute cocaine and crack; using a communications facility in the commission of a felony; and possession with intent to distribute cocaine. ECF No. 201. On May 9, 2006, a mistrial was declared in Hall's first trial because the jury was unable to reach a verdict.

On June 21, 2006, Hall was charged in a Fifth Superseding Indictment, which re-alleged the charges contained in the Fourth Superseding Indictment. ECF No. 321. Hall proceeded to trial representing himself, Judge Alexander Williams of this Court presiding and, following a six-day trial, the jury convicted him on all counts. ECF No. 416.

Judge Williams sentenced Hall to 300 months imprisonment followed by five years of supervised release as to counts I and V, and forty-eight months of imprisonment followed by one year of supervised release with respect to count IV, all counts to run concurrently. Hall appealed to the Fourth Circuit, which affirmed the convictions and sentences on January 8, 2009. *United States v. Hall*, 551 F.3d 257 (4th Cir. 2009).

On March 23, 2009, Petitioner filed his first Motion to Vacate under 28 U.S.C. § 2255. Judge Williams denied the motion on July 29, 2010. ECF No. 560.

On August 15, 2016, Hall filed a Motion to Reduce his sentence under Amendment 782 to the U.S. Sentencing Guidelines. The Government consented and his sentenced was reduced to 262 months. ECF No. 725.

Hall then filed a Petition for Writ of Habeas Corpus before this Court on February 21, 2017, in which he argued that Judge Williams erred in "forcing" him to proceed *pro se* without a competency evaluation and that his sentence was unconstitutional. ECF No. 729. The Court construed the motion as a successive petition under § 2255. ECF No. 734. Because Hall had not received the required certification from the Fourth Circuit to file a successive habeas petition, the Court dismissed the second petition for lack of jurisdiction.

Hall filed the present Motion to Reopen and Vacate his conviction on April 28, 2017, invoking Rule 60(b), 28 U.S.C. § 2241, and 28 U.S.C. § 2255. ECF No. 740. The Government has filed an opposition and Hall has replied.

## II.     STANDARD OF LAW

Federal Rule of Civil Procedure 60(b)(6) provides for relief from final judgment for "any other reason that justifies relief." Fed. R. Civ. P. 60(b). However, relief under Rule 60(b)(6) is available only in extraordinary circumstances." *Buck v. Davis*, 137 S.Ct. 759, 777 (2017) (citing

*Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005)). It may not be used as a vehicle to circumvent the rule prohibiting successive § 2255 petitions. Absent authorization from the Fourth Circuit, a defendant's successive § 2255 motion is barred and a district court must deny the motion for lack of jurisdiction. *See* 28 U.S.C. § 2255(h); *United States v. Winestock*, 340 F.3d 200, 205 (4th Cir. 2003).

Rule 60(b) motions should be construed as successive applications for relief under § 2255 when it appears that a defendant is attempting to file the "functional equivalent" of a § 2255 petition. *See Winestock*, 340 F.3d at 206 ("We now hold that district courts must treat Rule 60(b) motions as successive collateral review applications when failing to do so would allow the applicant to evade the bar against relitigation of claims presented in a prior application or the bar against litigation of claims not presented in a prior application.").

### III.  ANALYSIS

Hall's latest Motion is strikingly similar to the one previously filed, which the Court dismissed on March 6, 2017. He now adds allegations to the effect that the prosecution "racially tortured him" and forum shopped for a "racially friendly" venue. ECF No. 740 at 1; ECF No. 744 at 4. He cites the recent Supreme Court case of *Buck v. Davis* as support for his contention that Rule 60(b)(6) provides him relief from his conviction and sentence. ECF No. 740.

In *Buck*, a state petitioner sentenced to death sought federal habeas relief, contending that his trial counsel's introduction of expert testimony reflecting the view that his race predisposed him to violent conduct violated his Sixth Amendment right to counsel. *Buck v. Davis*, 137 S.Ct. at 775. Though his claim was procedurally defaulted, the Supreme Court concluded that "extraordinary circumstances" existed, enabling the petitioner to pursue relief under Rule 60(b). *Id.* at 777. Specifically, the *Buck* Court stated that the petitioner "may have been sentenced to

death in part because of his race," noting, moreover, that the State had already admitted error in similar cases and that relying on race to impose a criminal sanction injures not just the defendant but "poisons the public confidence" in the judicial system. *Buck*, 137 S. Ct. at 778. Hall contends that his case is similar to *Buck* and that the Court should provide the requested relief.

The Government responds that Hall has not shown "extraordinary circumstances" of the sort that were present in *Buck*, and that Hall's Motion is not a "true" Rule 60(b) Motion. ECF No. 743. Rather, the Government asserts, the Motion is a successive habeas petition which should be dismissed as such. *Id.*

The Court agrees with the Government. Hall's Motion is undoubtedly the functional equivalent of a successive § 2255 petition. To start, Hall's claims that he was "forced" to proceed to trial *pro se* and that his sentence is unconstitutional were already raised and denied by Judge Williams. ECF No. 559. Likewise, his argument that Judge Williams erred in not holding a competency hearing before allowing him to waive his right to counsel was raised and subsequently dismissed by the undersigned member of the Court, who took over the case following Judge Williams' retirement. ECF Nos. 729, 734.

In any event, Hall's new race-based assertions fall far short of the extraordinary circumstances contemplated by the *Buck* Court. There is absolutely no evidence or fact to support Hall's allegations that he was "racially tortured" or that the prosecution engaged in "racially motivated forum shopping." Rule 60(b)(6) has no application here. The Court lacks jurisdiction to review the Motion.

### IV. CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing § 2255 cases provides that the district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong, and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Court has considered the record and finds that Hall has not made the requisite showing here.

## V. CONCLUSION

For the foregoing reasons, Hall's Rule 60(b) Motion is **DISMISSED.** A Certificate of Appealability is **DENIED.**

A separate Order will **ISSUE.**

_____/s/_____<br>
**PETER J. MESSITTE**<br>
**UNITED STATES DISTRICT JUDGE**

**January 30, 2018**